John N. Montgomery and Rufus M. Meroney, executors, plaintiffs in error, *vs.* J. W. and S. W. Pruitt *et al.*, defendants in error.

It is not necessary that the declaration shall affirmatively show a case to be within the exceptions mentioned in the 14th section of the Act of October 13th, 1870, to excuse the filing of the affidavit required by the 2d section of the Act. It is sufficient, if the facts be made to appear to the Court by proof.

Relief Act of 1870. Exceptions. Before Judge Davis. Clarke Superior Court. August Term, 1871.

John N. Montgomery and Rufus M. Meroney, as executors of Robert W. Pruitt, deceased, brought complaint against J. W. and S. W. Pruitt, principals, and T. A. Neal and W. B. Burns, securities, on a note made prior to June 1st, 1865, for $6,000.

When the case was called, defendants moved to dismiss it, because no affidavit had been filed as to the payment of taxes, under the Relief Act of 1870.

Counsel for plaintiffs stated that the note sued on belonged to a minor, who was the sole legatee, under the will of Rob-

Montgomery and Meroney *vs.* Pruitt *et al.*

ert W. Pruitt, deceased, and offered to prove these facts to the Court.

The Court dismissed the suit, holding that, as the declaration failed to aver facts, bringing the case within the 14th section of the Relief Act of 1870, an affidavit as to the payment of taxes was necessary, to which decision plaintiffs in error excepted.

Cobb, Erwin & Cobb, represented by The Reporter, for plaintiffs in error.

G. McMillan, for defendants.

McCay, Judge.

This suit was pending in the name of the executors of Robert Pruitt. It is no alteration of the allegations to show that the persons entitled to the estate are minors. The cause of action remains the same—no new parties are introduced. The executor sues, avowedly, as the trustee of those entitled, whoever they may be. Nor is there anything in the Act of October 13th, 1870, to require what is there provided, in reference to the payment of taxes, to appear in the pleadings. Indeed, the very opposite would seem to follow, from the provisions of section 2d, that the defendant may make the investigation provided for without a plea. The rights of the parties are not involved. It is the public whose interest is intended by the statute to be protected, and there would seem to be no necessity to make a record of the proceeding for the protection of either.

We think the Court was wrong to require the amendment. It is sufficient to excuse the filing the affidavit, if the plaintiffs show, by proof, that the case is within the exceptions.

Judgment reversed.